DECISION
Plaintiff has appealed adjustments Defendant made to her 2008 Oregon income tax return. Trial was held by telephone June 13, 2011. Plaintiff was represented by Mariela Cathcart (Cathcart), an enrolled agent and licensed tax consultant. Plaintiff also appeared and testified on her own behalf. Defendant was represented by a Department of Revenue auditor, Darren #3642.
 I. STATEMENT OF FACTS
Plaintiff filed a 2008 Oregon income tax return claiming head of household filing status and a number of dependents, including the children of Plaintiff s sister, who live in Mexico.
Defendant adjusted Plaintiffs 2008 Oregon return, disallowing the three dependents living in Mexico and changing Plaintiffs filing status from head of household to single. Cathcart conceded that Plaintiff was not entitled to the head of household filing status. That leaves only the question of whether Plaintiff is entitled to claim the three dependents living in Mexico.
Plaintiff has a sister in Mexico named Maria Elena Aguirre who lives in a home with her three children and the childrens' father, Alejandro Tafolla (Tafolla). The couple has lived in the home for approximately 17 years. They were given the home by relatives. On cross-examination, Plaintiff testified that the home in Mexico would rent for approximately *Page 2 
$80 per month, an amount that would represent the housing component of that family's total household expenses.
The evidence is conflicting on how much money the couple in Mexico made in 2008. Plaintiff first testified that her sister made approximately $250 per month selling food on the streets in the town in which they live. That testimony is consistent with information in a letter Plaintiff sent Defendant dated January 9, 2011. (Def's Ex F-1.) Plaintiff further testified that Tafolla did not work in 2008. However, on cross-examination, Plaintiff testified that Tafolla, who is a butcher, worked "sometimes," and that she "thinks" the $250 per month income estimate includes the money made both by the sister and Tafolla. Plaintiff testified that the amount of money she reports the couple to have earned in 2008 is an estimate rather than an exact number.
The evidence is equivocal on Plaintiff's sister's 2008 household expenses. When questioned by the court, Plaintiff initially testified she believed it was "under $2,000." After some muffled discussion between Plaintiff and her representative, Plaintiff revised her testimony, stating that her sister's 2008 household expenses were approximately $3,500. Those expenses consist of water, electricity, food, transportation (although the family does not own a vehicle), and some medical expenses. Plaintiff was unable provide any detailed information for any of those expense categories. She was not sure whether there were actually any medical expenses in 2008 nor the cost of any such expenses, but she simply testified that, when someone in the family was ill, they would go to the doctor, and would have to pay for medical care. Plaintiff testified that the cost of school for the three children was approximately $20 per month, a figure which purportedly includes uniforms and transportation. However, that figure was merely an estimate. Plaintiff did submit some receipts for household expenses, but they are for 2010. There are no receipts for 2008. *Page 3 
Plaintiff sends financial support (money) and possibly items of clothing to her sister in Mexico. The parties agree Plaintiff sent $3,545 to the family in 2008. Plaintiff insists the money and clothing were all sent for the support of her nieces (i.e., her sister's three children). Defendant agrees the children in Mexico meet the "relationship" test to qualify as dependents. The evidence indicates that Plaintiff sent at least seven packages to the family in Mexico. Plaintiff testified that all the packages included shoes and clothing. There is no independent corroborating evidence to prove the contents of the packages, and no evidence as to the value of the items sent (e.g., receipts for shoes or other clothing Plaintiff may have purchased).
 II. ANALYSIS
As this court has previously noted, "[t]he Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007." Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for dependents, including those allowed under section 152 of the IRC.[1] IRC section 152(a) generally defines dependent to mean a "qualifying child, or * * * a qualifying relative." A "dependent" includes an individual who "is a resident of the United States or a country contiguous to the United States." IRC § 152(b)(3)(A). Mexico is, of course, contiguous to the United States.
To claim a qualifying relative as a dependent, the taxpayer must provide more than one-half of the individual's support for the calendar year. IRC § 152(c)(1)(D); IRC § 152(d)(1)(C). In order to know whether a taxpayer provides over one-half of the support of a qualifying *Page 4 
relative, the taxpayer must not only prove the amount of support he or she provided the family (or individual), but the total household expenses for the year for the home where the dependents reside, any income earned by family members used to support the household, and whether anyone else sent money to the household. In this case, the only competent evidence is that Plaintiff sent $3,545 to Mexico and appears to have sent some clothing to the family.
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427.[2] The Oregon Supreme Court has stated that:
 "`Preponderance' derives from the Latin word `praeponderare,' which translates to `outweigh, be of greater weight.' 8 Oxford English Dictionary 1289 (1933). With regard to the burden of proof or persuasion in civil actions, it is generally accepted to mean the greater weight of evidence."
Riley Hill General Contractor v. Tandy Corp.,303 Or 390, 394, 737 P2d 595 (1987). This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Depart. ofRevenue, 4 OTR 302, 312 (1971) (citation omitted).
Plaintiff is the party seeking affirmative relief and, therefore, has the burden of proof. She must therefore establish all elements of the case by a preponderance of the evidence. Plaintiff has failed to do so.
The evidence in this case is simply not clear as to anything other than how much money Plaintiff sent to her relatives in Mexico. Plaintiff was only able to estimate that family's household expenses for 2008 and the couple's income that year. Without knowing those numbers, it is not possible to know whether Plaintiff provided over one half of the support for the *Page 5 
claimed dependents. There is no evidence whatsoever regarding the relatives' income that year, and there is very little evidence as to household expenses. Moreover, some of the receipts submitted were for 2009 and 2010. While they were intended to show that expenses were incurred by the family, the law requires that Plaintiff demonstrate the family's household expenses for 2008, which is the year at issue.
 III. CONCLUSION
The court concluded that, for tax year 2008, Plaintiff is not entitled to claim her three relatives living in Mexico as dependents. Plaintiff is also not entitled to head of household filing status for 2008, but instead must have her taxes calculated based on the filing status of single. Defendant's adjustments to Plaintiffs 2008 Oregon return for those items are upheld. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied and Defendant's adjustments disallowing the three dependents in Mexico and changing Plaintiffs filing status from head of household to single is upheld.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon June 30, 2011. The Court filed and entered this documenton June 30, 2011.
[1] All references to the Internal Revenue Code (IRC) and accompanying regulations are to the 1986 code, and include updates applicable to 2008.
[2] Reference to the Oregon Revised Statutes (ORS) is to 2009. *Page 1